# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

In re *Todd Alexander Wells and Sandra Marie Wells*

Case No.
Chapter    7

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | Yes | 1 | $    57,000.00 | | |
| B-Personal Property | Yes | 5 | $    36,331.54 | | |
| C-Property Claimed as Exempt | Yes | 2 | | | |
| D-Creditors Holding Secured Claims | Yes | 2 | | $    78,111.06 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $    0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $    13,330.10 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $    2,813.34 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $    2,813.34 |
| TOTAL | | 19 | $    93,331.54 | $    91,441.16 | |

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re *Todd Alexander Wells and Sandra Marie Wells*

Case No.

Chapter    7

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 2,096.11 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 2,096.11 |

State the following:

| | Amount |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 2,813.34 |
| Average Expenses (from Schedule J, Line 18) | $ 2,813.34 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ 2,440.33 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 11,510.04 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 13,330.10 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 24,840.14 |

In re _Todd Alexander Wells and Sandra Marie Wells_ ,      Case No._____
                     Debtor(s)                                                    (if known)

## SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _House and 2 acres at 42 Holmac Rd. Heidelberg, MS_ | | J | $ 57,000.00 | $ 56,000.00 |
| | | **TOTAL $** | 57,000.00 | |

No continuation sheets attached

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re _Todd Alexander Wells and Sandra Marie Wells_ _____,    Case No. _____

Debtor(s)    (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Checking acct at Regions Bank* Location: In debtor's possession | J | $ 119.82 |
| | | *Checking acct at Regions Bank (Dad's acct)* Location: In debtor's possession | J | $ 180.78 |
| | | *Checking acct at Regions Bank (kids)* Location: In debtor's possession | J | $ 2.43 |
| | | *Savings acct at Regions Bank (dad's acct)* Location: In debtor's possession | J | $ 101.01 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | *13 inch TV* Location: In debtor's possession | J | $ 50.00 |
| | | *3 - 19 inch TV (listed on one of Tower Loans as 25 inch TVs)* Location: In debtor's possession | J | $ 200.00 |
| | | *Dvd player* Location: In debtor's possession | J | $ 15.00 |

Page ___1___ of ___5___

In re _Todd Alexander Wells and Sandra Marie Wells_ ,                              Case No. _____
                Debtor(s)                                                                                    (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Dvd player<br>Location: In debtor's possession | J | $ 15.00 |
| | | Gateway computer with printer<br>Location: In debtor's possession | J | $ 50.00 |
| | | Household goods<br>Location: In debtor's possession | J | $ 2,500.00 |
| | | Laptop<br>Location: In debtor's possession | J | $ 150.00 |
| | | Piano<br>Location: In debtor's possession | J | $ 50.00 |
| | | Stereo system<br>Location: In debtor's possession | J | $ 15.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Easton Press Books<br>Location: In debtor's possession | J | $ 100.00 |
| 6. Wearing apparel. | | Clothing<br>Location: In debtor's possession | J | $ 200.00 |
| 7. Furs and jewelry. | | Misc jewelry<br>Location: In debtor's possession | J | $ 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | 20 gauge pump shotgun (listed on note as 12 gauge)<br>Location: In debtor's possession | J | $ 100.00 |

In re _Todd Alexander Wells and Sandra Marie Wells_ _____,   Case No. _____
     Debtor(s)                                                      (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Kodak digital camera<br>Location: In debtor's possession | J | $ 50.00 |
| | | Sks assault rifle<br>Location: In debtor's possession | J | $ 200.00 |
| | | Sony camcorder(doesn't work)<br>Location: In debtor's possession | J | $ 20.00 |
| | | Treadmill<br>Location: In debtor's possession | J | $ 75.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Life insurance for Sandra<br>Location: In debtor's possession | J | $ 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those | | time share<br>Location: In debtor's possession | J | Unknown |

In re _Todd Alexander Wells and Sandra Marie Wells_ _____,   Case No. _____
                          Debtor(s)                                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| listed in Schedule of Real Property. | | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | _Class Action- Todd (on wrongful treatment and actions due to injuries sustained on job)Villalobos & Vaughn, 5804 North 23rd St., McAllen,TX 78504, phone # 956/687-4000 Location: In debtor's possession_ | J | _Unknown_ |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | _2003 Chevy Silverado with 95,200 miles Location: In debtor's possession_ | J | $ 9,990.00 |
| | | _2004 Chevy Impala with 150,000 miles Location: In debtor's possession_ | J | $ 6,570.00 |
| | | _2004 Nissan Quest with 103,000 miles Location: In debtor's possession_ | J | $ 11,857.50 |
| 26. Boats, motors, and accessories. | | _Canoe Location: In debtor's possession_ | J | $ 300.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |

Page ___4___ of ___5___

In re _Todd Alexander Wells and Sandra Marie Wells_ ,   Case No. _____
    Debtor(s)                                                        (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | | Golden Retriever<br>Location: In debtor's possession | J | $ 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | 4-wheeler<br>Location: In debtor's possession | J | $ 2,500.00 |
| | | John Deere riding lawn mower<br>Location: In debtor's possession | J | $ 200.00 |
| | | Misc tools<br>Location: In debtor's possession | J | $ 500.00 |
| | | Weedeater<br>Location: In debtor's possession | J | $ 20.00 |

Total ➡   $ 36,331.54

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re _Todd Alexander Wells and Sandra Marie Wells_,            Case No. _____
                                    Debtor(s)                                                    (if known)

## SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:            ☐ Check if debtor claims a homestead exemption that exceeds $146,450.*

(Check one box)

☐ 11 U.S.C. § 522(b) (2)

☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| House and 2 acres at 42 Holmac Rd. Heidelberg, MS | Miss. Code §85-3-21 | $ 1,000.00 | $ 57,000.00 |
| 13 inch TV | Miss. Code §85-3-1(a) | $ 50.00 | $ 50.00 |
| 3-19 inch TV | Miss. Code §85-3-1(a) | $ 200.00 | $ 200.00 |
| Dvd player | Miss. Code §85-3-1(a) | $ 15.00 | $ 15.00 |
| Household goods | Miss. Code §85-3-1(a) | $ 2,500.00 | $ 2,500.00 |
| Laptop | Miss. Code §85-3-1(a) | $ 150.00 | $ 150.00 |
| Piano | Miss. Code §85-3-1(a) | $ 50.00 | $ 50.00 |
| Stereo system | Miss. Code §85-3-1(a) | $ 15.00 | $ 15.00 |
| Easton Press Books | Miss. Code §85-3-1(a) | $ 100.00 | $ 100.00 |
| Clothing | Miss. Code §85-3-1(a) | $ 200.00 | $ 200.00 |
| Misc jewelry | Miss. Code §85-3-1(a) | $ 200.00 | $ 200.00 |
| Kodak digital camera | Miss. Code §85-3-1(a) | $ 50.00 | $ 50.00 |
| Sony camcorder(doesn't work) | Miss. Code §85-3-1(a) | $ 20.00 | $ 20.00 |
| Treadmill | Miss. Code §85-3-1(a) | $ 75.00 | $ 75.00 |
| Class Action- Todd | Miss. Code §85-3-17 | $ 10,000.00 | Unknown |
| 2003 Chevy Silverado with | Miss. Code §85-3-1(a) | $ 9,990.00 | $ 9,990.00 |

Page No. _1_ of _2_

* Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6C (Official Form 6C) (04/10)

In re _Todd Alexander Wells and Sandra Marie Wells_ ,          Case No. _____
          Debtor(s)                                                          (if known)

## SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

(Continuation Sheet)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| 95,200 miles | | | |
| 2004 Nissan Quest with 103,000 miles | Miss. Code §85-3-1(a) | $ 2,516.48 | $ 11,857.50 |
| Canoe | Miss. Code §85-3-1(a) | $ 300.00 | $ 300.00 |
| Golden Retriever | Miss. Code §85-3-1(a) | $ 0.00 | $ 0.00 |
| John Deere riding lawn mower | Miss. Code §85-3-1(a) | $ 200.00 | $ 200.00 |
| Misc tools | Miss. Code §85-3-1(a) | $ 500.00 | $ 500.00 |
| Weedeater | Miss. Code §85-3-1(a) | $ 20.00 | $ 20.00 |

Page No. _2_ of _2_

* Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6D (Official Form 6D) (12/07)

In re <u>Todd Alexander Wells and Sandra Marie Wells</u>                    Case No. _____
                          Debtor(s)                                                      (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H — Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | H–Husband W–Wife J–Joint C–Community | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| Account No: 9476<br>Creditor # : 1<br>Community Bank<br>P.O. Box 265<br>Laurel MS 39441 | | J | Automobile Loan<br>2003 Chevy Silverado with 95,200 miles, 2004 Chevy Impala with 150,000 miles,<br><br>Value: $ 28,417.50 | | | | $ 9,341.02 | $ 0.00 |
| Account No: 4883<br>Creditor # : 2<br>Regions Bank<br>P.O. Box 2453<br>Birmingham AL 35287-2511 | | J | Mortgage<br>House and 2 acres at 42 Holmac Rd. Heidelberg, MS<br><br>Value: $ 57,000.00 | | | | $ 56,000.00 | $ 0.00 |
| Account No: 1218<br>Creditor # : 3<br>Tower Loan Of Laurel (Sandra)<br>2305 Hwy 15 North<br>Laurel MS 39440 | | J | Household Goods<br>Kodak digital camera, Treadmill, Piano, Stereo system, 2 dvd players, Sony<br><br>Value: $ 690.00 | | | | $ 3,084.25 | $ 2,394.25 |

_1_ continuation sheets attached

Subtotal $ (Total of this page)  $ 68,425.27 | $ 2,394.25

Total $ (Use only on last page)

(Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

B6D (Official Form 6D) (12/07)   - Cont.

In re _Todd Alexander Wells and Sandra Marie Wells_ _____     Case No. _____
           Debtor(s)                                                                                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| | | | | | | $ 2,006.97 | $ 1,436.97 |
| Account No: _1217_<br>_Creditor # : 4_<br>_Tower Loan Of Laurel (Todd)_<br>_2305 Hwy 15 North_<br>_Laurel MS 39440_ | J | _Household Goods_<br>_Easton Press Books, Weedeater,_<br>_3- 19 inch tvs, Laptop, Sks_<br>_assault rifle, 20 gauge pump_<br><br>Value: $ _670.00_ | | | | | |
| | | | | | | $ 7,678.82 | $ 7,678.82 |
| Account No: _3720_<br>_Creditor # : 5_<br>_Westgate Resort_<br>_P.O. Box 1308-48_<br>_Carlsbad CA 92013_ | J | _time share_<br><br><br>Value: $ _0.00_ | | | | | |
| Account No: | | <br><br><br>Value: | | | | | |
| Account No: | | <br><br><br>Value: | | | | | |
| Account No: | | <br><br><br>Value: | | | | | |
| Account No: | | <br><br><br>Value: | | | | | |

Sheet no. _1_  of _1_   continuation sheets attached to Schedule of Creditors
Holding Secured Claims

|  | | |
|---|---|---|
| Subtotal $ (Total of this page) | $ 9,685.79 | $ 9,115.79 |
| Total $ (Use only on last page) | $ 78,111.06 | $ 11,510.04 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re _Todd Alexander Wells and Sandra Marie Wells_,   Case No._____
  **Debtor(s)**   (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re _Todd Alexander Wells and Sandra Marie Wells_ ,   Case No._____
_____
Debtor(s)   (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.  R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | | | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|---|
| | | H--Husband | | | | | | |
| | | W--Wife | | | | | | |
| | | J--Joint | | | | | | |
| | | C--Community | | | | | | |
| Account No:   0731<br>Creditor # : 1<br>Capital One<br>P.O. Box 6492<br>Carol Stream IL 60197-6492 | J | Credit Card Purchases | | | | | | $ 625.15 |
| Account No:   9914<br>Creditor # : 2<br>Capital One<br>P.O. Box 6492<br>Carol Stream IL 60197-6492 | J | Credit Card Purchases | | | | | | $ 838.17 |
| Account No:   2582<br>Creditor # : 3<br>Cellular South<br>Post Office 519<br>Meadville MS 39653 | J | Phone Bill | | | | | | $ 662.49 |
| Account No:   6144<br>Creditor # : 4<br>Ed Finacial Services<br>Dept 888055<br>Knoxville TN 37995-8055 | J | Student Loan | | | | | | $ 2,096.11 |
| _3_ continuation sheets attached | | | | | | Subtotal $ | | $ 4,221.92 |
| | | | | | | Total $ | | |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)  - Cont.

In re  _Todd Alexander Wells and Sandra Marie Wells_____   Case No._____
                    Debtor(s)                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| | | | | | | $ 1,922.88 |
| Account No: 3420 Creditor # : 5 Ge Money Bank P.O. Box 960061 Orlando FL 32896-0061 | J | Credit Card Purchases | | | | |
| | | | | | | $ 1,122.21 |
| Account No: 8000 Creditor # : 6 GeMB/Belk PO Box 981491 El Paso TX 79998 | J | Credit Card Purchases | | | | |
| | | | | | | $ 404.84 |
| Account No: 6605 Creditor # : 7 Hattiesburg Clinic PO Box 22506 Jackson MS 39225-2506 | J | Medical Bills acct #s 44046605, 5839766 | | | | |
| | | | | | | $ 69.84 |
| Account No: 3089 Creditor # : 8 Highlights for Children P.O. Box 8577 Red Oak IA 51591-1577 | J | Magazines | | | | |
| Account No: 3089 Representing: Highlights for Children | | RMCB 2269 South Sawmill Rd Building S Elmsford NY 10523-0938 | | | | |
| | | | | | | $ 1,309.15 |
| Account No: 7578 Creditor # : 9 Lowes P.O. Box 530914 Atlanta GA 30353-0914 | J | Credit Card Purchases | | | | |

Sheet No. _1_ of _3_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ ____ $ 4,828.92
Total $ ____

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07) - Cont.

In re _Todd Alexander Wells and Sandra Marie Wells_ ,  Case No. _____

Debtor(s)  (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 2940<br>Creditor # : 10<br>Lowes<br>P.O. Box 530914<br>Atlanta GA 30353-0914 | J | Credit Card Purchases | | | | $ 319.33 |
| Account No: 7610<br>Creditor # : 11<br>Old Navy<br>P.O. Box 530942<br>Atlanta GA 30353. | J | Credit Card Purchases | | | | $ 45.83 |
| Account No: 8732<br>Creditor # : 12<br>Radiology Associates<br>P.O. Box 2427<br>Laurel MS 39440 | J | Medical Bills<br>Acct #s 79975779, 048075, 4758732 | | | | $ 419.00 |
| Account No: 8732<br>Representing:<br>Radiology Associates | | Health Care Financial<br>PO Box 320309<br>Jackson MS  39232-0309 | | | | |
| Account No: 8075<br>Creditor # : 13<br>South Central Clinics<br>P.O. Box 1649<br>Laurel MS 39441 | J | Medical Bills | | | | $ 174.00 |
| Account No: 3571<br>Creditor # : 14<br>South Central Medical Center<br>P.O. Box 607<br>Laurel MS 39441 | J | Medical Bills<br>acct #s 8003571, 7997579, 7914885 | | | | $ 2,148.04 |

Sheet No. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $  $ 3,106.20

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)  - Cont.

In re _Todd Alexander Wells and Sandra Marie Wells_____,        Case No._____
                  Debtor(s)                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: Creditor # : 15 Tillery Dental Clinic P.O. Box 4367 Laurel MS 39441 | J | Medical Bills | | | | $ 82.66 |
| Account No: 0001 Creditor # : 16 Verizon Wireless P.O. Box 105378 Atlanta GA 30348 | J | Phone Bill | | | | $ 472.00 |
| Account No: 0001 Representing: Verizon Wireless | | EOS CCA P.O. Box 556 Norwell MA 02061-0556 | | | | |
| Account No: 1194 Creditor # : 17 Walmart P.O. Box 530927 Atlanta GA 30353-0927 | J | Credit Card Purchases | | | | $ 500.00 |
| Account No: 5901 Creditor # : 18 Wildlife Explorer P.O. Box 26599 Lehigh Valley PA 18002-6599 | J | Magazines | | | | $ 118.40 |
| Account No: 5901 Representing: Wildlife Explorer | | Northshore Agency 270 Spagnoll Rd Melville NY 11747 | | | | |

Sheet No. _3_ of _3_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ ........................ $ 1,173.06

Total $ ........................ $ 13,330.10
(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6G (Official Form 6G) (12/07)

In re _Todd Alexander Wells and Sandra Marie Wells_ _____ / Debtor        Case No. _____
                                                                                          (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
|  |  |

Page __1__ of __1__

B6H (Official Form 6H) (12/07)

In re _Todd Alexander Wells and Sandra Marie Wells_____ / Debtor      Case No. _____
                                                                              (if known)

## SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
| --- | --- |
|  |  |

In re _Todd Alexander Wells and Sandra Marie Wells_ ,  Case No. _____
                        Debtor(s)                                    (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: _Married_ | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP(S): _Son_ _Daughter_ | | AGE(S): _6 yrs_ _4 yrs_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Unemployed_ | _Unemployed_ |
| Name of Employer | | |
| How Long Employed | | |
| Address of Employer | | |

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| INCOME: (Estimate of average or projected monthly income at time case filed) | | | |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ 0.00 |
| b. Insurance | $ | 0.00 | $ 0.00 |
| c. Union dues | $ | 0.00 | $ 0.00 |
| d. Other  (Specify): | $ | 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ 0.00 |
| 8. Income from real property | $ | 0.00 | $ 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | | |
| 11. Social security or government assistance (Specify): _Child's Social Security_ | $ | 718.00 | $ 718.00 |
| 12. Pension or retirement income | $ | 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): _Food Stamps_ _unemployment_ | $ $ | 0.00 1,057.34 | $ 320.00 $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 1,775.34 | $ 1,038.00 |
| 15. AVERAGE MONTHLY INCOME   (Add amounts shown on lines 6 and 14) | $ | 1,775.34 | $ 1,038.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME:   (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ | 2,813.34 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Page No. ___1___ of ___1___

In re  _Todd Alexander Wells and Sandra Marie Wells_____,      Case No. _____
Debtor(s)                                                                              (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 508.48 |
|    a. Are real estate taxes included?   Yes ☒ No ☐ | |
|    b. Is property insurance included?   Yes ☒ No ☐ | $ 151.70 |
| 2. Utilities: a. Electricity and heating fuel | $ 30.00 |
|    b. Water and sewer | $ 65.00 |
|    c. Telephone | $ 41.60 |
|    d. Other  _satelite_ | $ 0.00 |
|    Other | |
| | $ 50.00 |
| 3. Home maintenance (repairs and upkeep) | $ 800.00 |
| 4. Food | $ 200.00 |
| 5. Clothing | $ 20.00 |
| 6. Laundry and dry cleaning | $ 50.00 |
| 7. Medical and dental expenses | $ 150.00 |
| 8. Transportation (not including car payments) | $ 50.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 0.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | $ 0.00 |
|    a. Homeowner's or renter's | $ 25.98 |
|    b. Life | $ 0.00 |
|    c. Health | $ 79.23 |
|    d. Auto | $ 0.00 |
|    e. Other | $ 0.00 |
|    Other | |
| 12. Taxes (not deducted from wages or included in home mortgage) | $ 18.73 |
| (Specify)  _Car Tag_ | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | $ 472.62 |
|    a. Auto | $ 0.00 |
|    b. Other: | $ 0.00 |
|    c. Other: | |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other:  _Misc_ | $ 100.00 |
|    Other: | $ 0.00 |
| | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules | $ 2,813.34 |
| and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | |
|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | |
|    a. Average monthly income from Line 16 of Schedule I | $ 2,813.34 |
|    b. Average monthly expenses from Line 18 above | $ 2,813.34 |
|    c. Monthly net income (a. minus b.) | $ 0.00 |

In re _Todd Alexander Wells and Sandra Marie Wells_
               Debtor

Case No. _____
                          (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____20____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _6/28/2010_          Signature _Todd A. Wells_
                                      Todd Alexander Wells


Date: _6/28/2010_          Signature _Sandra Marie Wells_
                                      Sandra Marie Wells

[If joint case, both spouses must sign.]


Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

Case No.

In re: *Todd Alexander Wells*
    and
    *Sandra Marie Wells*
    *aka Sandra Marie Stennett*
    *aka Sandra Marie Coote*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not diclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 2010: $8439.25 | *Employment income* |
| 2009: $68,591.00 | |
| 2008: $53,563.00 | |

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 2010: $8616.00 | *Children's SS income* |

Statement of Affairs - Page 1

AMOUNT                                                              SOURCE

*2009:  $17232.00*
*2008:  $16152.00*

                                        *cash out of retirements*

*2010:*
*2009:  $7405.00*
*2008:  $2132.00*

---

**3. Payments to creditors**

None ☐  Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

*Creditor:  None other than normal*
*payments to regular creditors*
*Address:*

---

None ☒  b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

None ☒  c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Jose Loya, et al vs. International Marine LLC 2008-11-6210-D* | *Injury at work* | *Judicial District Court of Cameron County* | *Pending* |

| | b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|
| None ☒ | |

## 5. Repossessions, foreclosures and returns

| | List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|
| None ☒ | |

## 6. Assignments and receiverships

| | a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|
| None ☒ | |

| | b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|
| None ☒ | |

## 7. Gifts

| | List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|
| None ☒ | |

## 8. Losses

| | List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|
| None ☒ | |

## 9. Payments related to debt counseling or bankruptcy

| | List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case. |
|---|---|
| None ☐ | |

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Payee: Gardner Law Firm<br>Address:<br>709 Hardy Street<br>Hattiesburg,, MS 39401 | Date of Payment:  June 2010<br>Payor: Todd Alexander Wells | $1,201.00 |
| Payee:  Green Path<br>Address: | Date of Payment:  June 2010<br>Payor:  Todd & Sandra Wells | $50.00 |

Statement of Affairs – Page 3

## 10. Other transfers

None ☒
a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒
b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

## 11. Closed financial accounts

None ☒
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None ☒
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None ☒
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None ☒
List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None ☒
If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

## 16. Spouses and Former Spouses

None ☒
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

Statement of Affairs - Page 4

## 17. Environmental Information

None

☒

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None

☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None

☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

None

☒

a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

None

☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  06/28/2010          Signature _____
                          of Debtor

Date  06/28/2010          Signature _____
                          of Joint Debtor
                          (if any)

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

In re *Todd Alexander Wells and Sandra Marie Wells*

Case No.
Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - HUSBAND'S DEBTS

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

---

**Property No.** *1*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Tower Loan Of Laurel  (Todd)* | *Easton Press Books* |

Property will be (check one) :

☐ Surrendered      ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain  *exempt and avoid* _____     (for example, avoid lien using 11 U.S.C § 522 (f)),

Property is (check one) :

☐ Claimed as exempt      ☒ Not claimed as exempt

---

**Property No.** *2*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Tower Loan Of Laurel  (Todd)* | *Weedeater* |

Property will be (check one) :

☐ Surrendered      ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain  *exempt and avoid* _____     (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt      ☒ Not claimed as exempt

---

B 8 (Official Form 8) (12/08)

**Property No. 3**

**Creditor's Name :**
Tower Loan Of Laurel (Todd)

**Describe Property Securing Debt :**
Laptop

Property will be (check one) :
- ☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☒ Other. Explain  *exempt and avoid*                    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :
- ☐ Claimed as exempt   ☒ Not claimed as exempt

---

**Property No. 4**

**Creditor's Name :**
Tower Loan Of Laurel (Todd)

**Describe Property Securing Debt :**
Sks assault rifle

Property will be (check one) :
- ☒ Surrendered   ☐ Retained

If retaining the property, I intend to (check at least one) :
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____                    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :
- ☐ Claimed as exempt   ☒ Not claimed as exempt

---

**Property No. 5**

**Creditor's Name :**
Tower Loan Of Laurel (Todd)

**Describe Property Securing Debt :**
20 gauge pump shotgun

Property will be (check one) :
- ☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☒ Other. Explain  *exempt and avoid*                    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :
- ☐ Claimed as exempt   ☒ Not claimed as exempt

B 8 (Official Form 8) (12/08)

**Property No.** 6

**Creditor's Name :**
*Tower Loan Of Laurel (Todd)*

**Describe Property Securing Debt :**
*Kodak digital camera*

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain _*exempt and avoid*_____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

**Property No.** 7

**Creditor's Name :**
*Tower Loan Of Laurel (Todd)*

**Describe Property Securing Debt :**
*Dvd player*

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain _*exempt and avoid*_____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

**Property No.** 8

**Creditor's Name :**
*Tower Loan Of Laurel (Todd)*

**Describe Property Securing Debt :**
*Dvd player*

Property will be (check one) :

☒ Surrendered    ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

B 8 (Official Form 8) (12/08)

| Property No. 9 | |
| --- | --- |
| **Creditor's Name :** <br> *Tower Loan Of Laurel (Todd)* | **Describe Property Securing Debt :** <br> *Sony camcorder (doesn't work)* |

Property will be (check one) :

☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain ___*exempt and avoid*___   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt   ☒ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
| --- | --- | --- |
| **Lessor's Name:** <br> *None* | **Describe Leased Property:** | ☐ Yes   ☐ No |

**Signature of Debtor(s)**

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: ___06/28/2010___   Debtor: ___*Todd A. Wilt*___

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re *Todd Alexander Wells and Sandra Marie Wells*

Case No.
Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - WIFE'S DEBTS

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

---

**Property No.** *1*

**Creditor's Name :**
*Tower Loan Of Laurel (Sandra)*

**Describe Property Securing Debt :**
*Kodak digital camera*

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain  *exempt and avoid*          (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

**Property No.** *2*

**Creditor's Name :**
*Tower Loan Of Laurel (Sandra)*

**Describe Property Securing Debt :**
*Treadmill*

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain  *exempt and avoid*          (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

B 8 (Official Form 8) (12/08)

---

**Property No. 3**

**Creditor's Name :**

*Tower Loan Of Laurel (Sandra)*

**Describe Property Securing Debt :**

*Piano*

Property will be (check one) :

☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain   *exempt and avoid* _____   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt   ☒ Not claimed as exempt

---

**Property No. 4**

**Creditor's Name :**

*Tower Loan Of Laurel (Sandra)*

**Describe Property Securing Debt :**

*Stereo system*

Property will be (check one) :

☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain   *exempt and avoid* _____   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt   ☒ Not claimed as exempt

---

**Property No. 5**

**Creditor's Name :**

*Tower Loan Of Laurel (Sandra)*

**Describe Property Securing Debt :**

*Dvd player*

Property will be (check one) :

☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain   *exempt and avoid* _____   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt   ☒ Not claimed as exempt

---

**Property No.** 6

**Creditor's Name :**

*Tower Loan Of Laurel (Sandra)*

**Describe Property Securing Debt :**

*Sony camcorder(doesn't work)*

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain  *exempt and avoid*          (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

**Property No.** 7

**Creditor's Name :**

*Tower Loan Of Laurel (Sandra)*

**Describe Property Securing Debt :**

*Gateway computer with printer*

Property will be (check one) :

☒ Surrendered    ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain          (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

**Property No.** 8

**Creditor's Name :**

*Tower Loan Of Laurel (Sandra)*

**Describe Property Securing Debt :**

*John Deere riding lawn mower*

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☒ Other. Explain  *exempt and avoid*          (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

| Property No. 9 | |
|---|---|
| **Creditor's Name :**<br><br>*Tower Loan Of Laurel (Sandra)* | **Describe Property Securing Debt :**<br><br>*3-19 inch TV* |

Property will be (check one) :

☒ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

| Property No. 10 | |
|---|---|
| **Creditor's Name :**<br><br>*Tower Loan Of Laurel (Sandra)* | **Describe Property Securing Debt :**<br><br>*Dvd player* |

Property will be (check one) :

☒ Surrendered     ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| **Lessor's Name:**<br><br>*None* | **Describe Leased Property:** | ☐ Yes     ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: __06/28/2010__       Debtor: _Sandra Marie Wells_

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re *Todd Alexander Wells and Sandra Marie Wells*

Case No.
Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - JOINT DEBTS

**Part A -**   Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate.
Attach additional pages if necessary.)

---

**Property No.**  *1*

**Creditor's Name :**

*Regions Bank*

**Describe Property Securing Debt :**

*House and 2 acres at 42 Holmac Rd.
Heidelberg, MS*

Property will be (check one) :

☐ Surrendered      ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt      ☒ Not claimed as exempt

---

**Property No.**  *2*

**Creditor's Name :**

*Community Bank*

**Describe Property Securing Debt :**

*2003 Chevy Silverado with 95,200 miles*

Property will be (check one) :

☐ Surrendered      ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt      ☒ Not claimed as exempt

---

---

**Property No.** 3

**Creditor's Name :**

*Community Bank*

**Describe Property Securing Debt :**

*2004 Chevy Impala with 150,000 miles*

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

**Property No.** 4

**Creditor's Name :**

*Community Bank*

**Describe Property Securing Debt :**

*2004 Nissan Quest with 103,000 miles*

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

**Part B -**  Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | Describe Leased Property: | Lease will be assumed pursuant to 11 U.S.C § 365(p)(2): |
|---|---|---|
| **Lessor's Name:** *None* | | ☐ Yes    ☐ No |

---

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _06/28/2010_    Debtor: _Tedd A. Wills_

Date: _06/28/2010_    Joint Debtor: _Sandra M. Wells_

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | Case No. |
|---|---|---|
| In re | *Todd Alexander Wells* | Chapter 7 |
| | *and* | |
| | *Sandra Marie Wells* | |
| | *aka Sandra Marie Stennett* | |
| | *aka Sandra Marie Coote* | |
| | _____ / Debtor | |

Attorney for Debtor: *Tracy A. Walley*

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . $_____1,201.00_____
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $_____1,201.00_____
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . $_____0.00_____

3. $_____299.00_____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

Dated: *06/28/2010*

Respectfully submitted,

Attorney for Petitioner: *Tracy A. Walley*
*Gardner Law Firm, Hattiesburg, P.C.*
*709 Hardy Street*
*Hattiesburg, MS  39401*

*601/582-4300*